UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) CAUSE NO.:  1:12-cv-0649-JMS-DML |
| | ) |
| vs. | ) |
| | ) |
| PREFERRED FINANCIAL SOLUTIONS, INC., | ) |
| JEFFREY BROOKS, CREDIT CARD RELIEF, | ) |
| INC. and THOMAS P. DAKICH d/b/a DAKICH | ) |
| & ASSOCIATES, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT**

Defendant, Thomas P. Dakich d/b/a Dakich & Associates ("Defendant"), by counsel, for his Answer to the First Amended Complaint For Declaratory Judgment, states as follows:

**PARTIES**

1. Plaintiff Allstate is a corporation existing under and by virtue of the laws of the State of Illinois with its principal place of business in Northbrook, Illinois and at all times relevant was duly authorized and licensed to write policies of insurance.

**ANSWER**: Defendant admits the allegations in paragraph 1 of the Amended Complaint for Declaratory Judgment.

2. Defendant Preferred Financial Solutions, Inc. ("PFS") is a corporation existing under and by virtue of the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.

**ANSWER**: Defendant admits the allegations in paragraph 2 of the Amended Complaint for Declaratory Judgment.

7322327 v1

3.  Defendant Jeffrey Brooks ("Brooks") is the President of PFS. Brooks resides in Zionsville, Indiana and is an Indiana citizen.

**ANSWER**: Defendant admits the allegations in paragraph 3 of the Amended Complaint for Declaratory Judgment.

4.  Defendant Credit Card Relief, Inc. ("CCR") is a corporation existing under and by virtue of the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.

**ANSWER**: Defendant admits the allegations in paragraph 4 of the Amended Complaint for Declaratory Judgment.

5.  Defendant Thomas P. Dakich doing business as Dakich & Associates ("Dakich") is an attorney licensed to practice law in the State of Indiana. Upon information and belief, Dakich is a citizen of Indiana.

**ANSWER**: Defendant admits the allegations in paragraph 5 of the Amended Complaint for Declaratory Judgment.

6.  Dakich is an owner, principal, officer, director, shareholder, agent and/or manager of Defendant CCR.

**ANSWER**: Defendant denies the allegations in paragraph 6 of the Amended Complaint for Declaratory Judgment.

**JURISDICTION & VENUE**

7. The jurisdiction of the Court is premised upon 28 U.S.C. § 1332, as the parties are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**ANSWER**: Defendant admits the allegations in paragraph 7 of the Amended Complaint for Declaratory Judgment.

8. Venue is premised upon 28 U.S.C. §1391 in that each defendant is a resident of this District as defined by 28 U.S.C. §1391(c) and a substantial part of the events or omissions giving rise to this suit occurred in this District and the subject insurance policies were applied for and delivered in this district.

**ANSWER**: Defendant admits the allegations in paragraph 8 of the Amended Complaint for Declaratory Judgment.

**FACTS**

*The Underlying Lawsuit*

9. Currently pending in the United States District Court for the Middle District of Georgia, Macon Division, is a lawsuit styled *Tina M. Gregory f/k/a Tina Adams Green & Eddie James Wells, Sr., individually and as Class Representative for all others similarly situated v. Preferred Financial Solutions, Credit Card Relief, Thomas P. Dakich d/b/a Dakich & Associates, Rhonda Roell-Taylor, & Jeffrey Brooks,* Case No. 5:11-cv-00442 MTT ("the Underlying Lawsuit").

**ANSWER**: Defendant admits the allegations in paragraph 9 of the Amended Complaint for Declaratory Judgment.

10. On January 10, 2012, an Amended Complaint for Damages in Class Action ("the Underlying Complaint") was filed in the Underlying Lawsuit. A copy of the Underlying Complaint is attached hereto and incorporated herein as Exhibit "A".

**ANSWER**: Defendant admits the allegations in paragraph 10 of the Amended Complaint for Declaratory Judgment.

11. The Underlying Complaint names PFS, Brooks, CCR and Dakich and others as defendants (PFS, Brooks, CCR and Dakich are collectively referred to as "the Underlying Defendants"). Exhibit A.

**ANSWER:** Defendant admits the allegations in paragraph 11 of the Amended Complaint for Declaratory Judgment.

12. The Underlying Complaint alleges that the Underlying Defendants are interrelated entities that collectively comprise a debt adjustment services operation targeting financially troubled customers, including customers in Georgia, and extracting fees for worthless services. Exhibit A at p.2 (¶2).

**ANSWER:** Defendant admits the allegations in paragraph 12 of the Amended Complaint for Declaratory Judgment.

13. The Underlying Complaint alleges that the Underlying Defendants promote themselves in print, on the internet, and in broadcast media as a provider of debt settlement services, debt elimination services, or debt reduction services that can negotiate a settlement of customer's unsecured debt for less than 60% of the amount owed. Exhibit A at pp.3 (¶¶7-8), 12 (¶58), 19 (¶90).

**ANSWER:** Defendant admits the allegations in paragraph 13 of the Amended Complaint for Declaratory Judgment.

14. It is alleged in the Underlying Complaint that the advertisements state that a customer participating in the program will pay a certain sum monthly into an account, diverting all payments toward debt that has been enrolled in the program and that the purpose of the program is to withhold payments, causing the debts to enter default and/or forcing the creditors to sell the debt. Once a debt is in default or sold off, an attempt to negotiate a settlement of the amount owed at a discount is made. Exhibit A at pp. 4 (¶10), 5 (¶18), 12-14 (¶¶59-63).

**ANSWER:** Defendant admits the allegations in paragraph 14 of the Amended Complaint for Declaratory Judgment.

15. The Underlying Complaint alleges that plaintiff Tina M. Gregory ("Gregory"), a Georgia resident, entered into an agreement with Underlying Defendants to resolve debts on or about January 15, 2008 based on the Underlying Defendants advertising and paid them a total of $3,120.00 until cancelling the agreement on or about July 22, 2008. Exhibit A at pp. 12 (¶28), 14 (¶¶64-65), 16 (¶¶71-73).

**ANSWER:** Defendant admits the allegations in paragraph 15 of the Amended Complaint for Declaratory Judgment.

16. It is further alleged in the Underlying Complaint that plaintiff Eddie James Wells ("Wells"), a Georgia resident, entered into an agreement with Underlying Defendants based on their advertising on May 28, 2010, paying them $3,150.00. Exhibit A at pp. 19 (¶¶90-91), 20 (¶94).

**ANSWER:** Defendant admits the allegations in paragraph 16 of the Amended Complaint for Declaratory Judgment.

17.     The Underlying Complaint alleges that the Underlying Defendants never made any attempts to pay or settle Gregory's or Wells' debt.  Exhibit A at pp. 16 (¶74-75), 19 (¶¶92-93).

**ANSWER:**    Defendant admits the allegations in paragraph 17 of the Amended Complaint for Declaratory Judgment.

18.     The Underlying Complaint seeks recovery under theories of piercing the corporate veil, alter ego, and joint venture.  Exhibit A at pp. 2 (¶¶3-4), 3 (¶5).

**ANSWER:**    Defendant admits the allegations in paragraph 18 of the Amended Complaint for Declaratory Judgment.

19.     Count I of the Underlying Complaint alleges that the Underlying Defendants' fees and practices are in violation of the Georgia Debt Adjustment Act (OCGA §§ 18-5-1 *et seq.*), alleging that the Underlying Defendants never paid to any of plaintiffs' creditors, resulting in 100% fee paid to defendants, and accepted fees in excess of the amount allowed under the Act, seeking penalties in the amount of $5,000 per class member.  Exhibit A at pp. 26-28 (¶¶118-134).

**ANSWER:**    Defendant admits the allegations in paragraph 19 of the Amended Complaint for Declaratory Judgment.

20.     Count II alleges that the Underlying Defendants' fraudulently induced the underlying plaintiffs to pay for debt settlement services with no intent or possibility of actually resolving debt and misrepresented their ability to resolve debt.  Exhibit A at pp. 28-29 (¶¶134-138).

**ANSWER:**    Defendant admits the allegations in paragraph 20 of the Amended Complaint for Declaratory Judgment.

21. Count III alleges that the Underlying Defendants represented that they would provide debt settlement services and handle plaintiffs' credit obligations, creating a fiduciary duty to plaintiffs which was breached. Exhibit A at pp. 29-30 (¶¶139-144).

**ANSWER:** Defendant admits the allegations in paragraph 21 of the Amended Complaint for Declaratory Judgment.

22. The Underlying Complaint seeks class certification for all Georgia residents that paid fees to defendants for debt settlement services from July 1, 2003 through the present. Exhibit A at pp. 22-26 (¶¶103-117).

**ANSWER:** Defendant admits the allegations in paragraph 22 of the Amended Complaint for Declaratory Judgment.

23. Upon information and belief, from July 1, 2003, the beginning of the alleged class period, through August 26, 2011, 751 customers enrolled in the Underlying Defendants debt settlement program paying fees in the amount of approximately $1,252,959.00.

**ANSWER:** Defendant denies the allegations in paragraph 23 of the Amended Complaint for Declaratory Judgment.

### THE ALLSTATE POLICIES

24. The Underlying Defendants tendered this matter to Allstate for defense.

**ANSWER:** Defendant admits the allegations in paragraph 24 of the Amended Complaint for Declaratory Judgment.

25. Allstate issued yearly Business Insurance Policies to "Preferred Leads," identified in the Declarations as a "corporation," that were in effect, in relevant part, from July 20, 2002 to July 20, 2012 ("the Allstate Policies").

**ANSWER:** Defendant admits the allegations in paragraph 25 of the Amended Complaint for Declaratory Judgment.

26. Prior to July 20, 2005, Allstate Policy No. 050 695888 covered premises in both Indiana and Illinois.

**ANSWER:** Defendant admits the allegations in paragraph 26 of the Amended Complaint for Declaratory Judgment.

27. Beginning on July 20, 2005, separate policies were issued for premises in Indiana under Policy No. 050 695888 and for premises in Illinois under Policy No. 050 006952.

**ANSWER:** Defendant admits the allegations in paragraph 27 of the Amended Complaint for Declaratory Judgment.

28. The Allstate Policies, in pertinent part, contain similar terms and conditions. Certified copies of Allstate Policy No. 050 695888 in effect yearly from July 20, 2002 to July 20, 2012 are attached hereto and incorporated herein as Exhibits "B", "C", "D", "E", "F", "G", "H", "I", "J", and "K". Certified copies of Allstate Policy No. 050 006952 in effect yearly from July 20, 2005 to July 20, 2012 are attached hereto and incorporated herein as Exhibits "L", "M", "N", "O", "P", "Q", and "R".

**ANSWER:** Defendant admits the allegations in paragraph 28 of the Amended Complaint for Declaratory Judgment.

29. According to Allstate's records, PFS is identified by endorsement to the Allstate Policies as a named insured.

**ANSWER:** Defendant admits the allegations in paragraph 29 of the Amended Complaint for Declaratory Judgment.

30. The Allstate Policies have limits of liability in the amount of $2,000,000.00 per accidental event and $100,000.00 for advertising injury. Beginning July 20, 2005, the liability limit for advertising injury increased to $300,000. *See* Exhibits E and L.

**ANSWER:** Defendant admits the allegations in paragraph 30 of the Amended Complaint for Declaratory Judgment.

31. The Allstate Policies provide liability coverage (Coverage B – Business Liability), in pertinent part, as follows:

*Coverage B – Business Liability*

*Part One – Comprehensive Liability*

**Liabilities Covered**
We will pay on behalf of persons insured all sums which they become legally obligated to pay as damages arising out of an accidental event, personal injury or advertising injury that occurs while this policy is in effect…

****

**Defense**
We will defend any suit brought against persons insured seeking damages to which this Part applied, even if the allegations in the suit are groundless, false or fraudulent…

****

**Persons Insured**
Who Has Liability Coverages

The following people and organizations are persons insured under this Part:

3. If you are shown in the Declarations as any organization other than an individual, partnership or joint venture: executive officers, stockholders, members of the board of trustees, and directors or governors while they are acting within the course and scope of their duties.

4. Your employees while acting within the course and scope of their employment.

6. Any organization you acquire or form during the policy period and in which you have at least a majority interest, except for joint ventures. We will not provide coverage for that organization if it is covered under any

other policy, even if you cannot collect because you have exhausted that policy's limits of liability. Coverage for an organization you acquire or form will end 90 days after you acquire or form it, unless specifically added to the policy by endorsement.

****

Your Liability Coverages apply separately to each person insured. However, the Limit of Liability is the most we will pay, regardless of the number of persons insured.

****

**Definitions**

When used in this policy:

**"Accidental Event"** means an accident, including continuous or repeated exposure to the same conditions, resulting in bodily injury or property damage. An accident cannot be intended or expected by any persons insured…

**"Advertising Injury"** means the action of calling something to the attention of the public by means of printed or broadcast paid announcements for the sale of goods, products or services.

**"Advertising Injury"** means injury arising out of one or more of the following offenses:

1. Oral or written publication of advertising material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

2. Oral or written publication of advertising material that violates a person's right to privacy;

3. Misappropriation of advertising ideas or style of doing business; or

4. Infringement of copyright, title or slogan as a result of your advertising.

****

**"Personal Injury"** means injury, other than bodily injury, arising out of one or more of the following offenses:

1. false arrest, detention or imprisonment;

2. malicious prosecution;

3. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy…

    4.      oral or written publication of material that slanders or libels a person or organization or disparages a person's organization goods, products or services, or

    5.      oral or written publication of material that violates a person's right of privacy.

Personal injury does not include offenses committed in the course of your advertising, broadcasting, publishing or telecasting activities.

**ANSWER:** Defendant admits the allegations in paragraph 31 of the Amended Complaint for Declaratory Judgment.

    32.    The Allstate Policies also contain the following pertinent exclusions:

**Exclusions – Liabilities We Do Not Cover**
We do not cover:

    16.    Any personal injury or advertising injury arising form the activities of any partnership of joint venture not shown in the Declarations.

    19.    Any advertising injury arising out of:

        c.    Incorrect description of or mistake in advertised price of goods, products or services sold, offered for sale or advertised.

    21.    Any accidental event, personal injury, or advertising injury, arising out of the rendering of or the failure to render scientific or professional services, or consulting business or technical services…

**ANSWER:** Defendant admits the allegations in paragraph 32 of the Amended Complaint for Declaratory Judgment to the extent that the Allstate Polices contain the above-referenced exclusions but, as to the allegation that such exclusions are pertinent, Defendant denies the allegation.

    33.    The "Amendatory Endorsement for Customizer Policies" in the Allstate Policies states as follows:

**What Law Will Apply**

> This policy is issued in accordance with the laws of the [State of Indiana for the Indiana Policy/State of Illinois for the Illinois Policy] and covers property or risks principally located in [State of Indiana for the Indiana Policy/State of Illinois for the Illinois Policy]. Subject to the following paragraph, the laws of the [State of Indiana and for the Indiana Policy/State of Illinois for the Illinois Policy] shall govern any and all claims or disputes in any way related to the policy.

\*\*\*\*

**ANSWER:** Defendant admits the allegations in paragraph 33 of the Amended Complaint for Declaratory Judgment.

### COUNT I
*CCR & Dakich Are Not Insureds*

34. Allstate adopts and incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 33 above.

**ANSWER:** Defendant adopts and incorporates as if fully set forth herein the responses to paragraphs 1 through 33 in this paragraph 34 of the Amended Complaint for Declaratory Judgment.

35. The Allstate Policies provide liability coverage only to "Persons Insured".

**ANSWER:** Defendant denies the allegations in paragraph 35 of the Amended Complaint for Declaratory Judgment.

36. CCR and Dakich are not identified as named insureds in the Allstate Policies.

**ANSWER:** Defendant denies the allegations in paragraph 36 of the Amended Complaint for Declaratory Judgment.

37. CCR and Dakich are not identified as additional insureds in the Allstate Policies.

**ANSWER:** Defendant denies the allegations in paragraph 37 of the Amended Complaint for Declaratory Judgment.

38. CCR and Dakich do not qualify as "Persons Insured" under the Allstate Policies.

**ANSWER:** Defendant denies the allegations in paragraph 38 of the Amended Complaint for Declaratory Judgment.

39. Allstate has no obligation to defend CCR for the claims alleged in the Underlying Lawsuit.

**ANSWER:** Defendant denies the allegations in paragraph 39 of the Amended Complaint for Declaratory Judgment.

40. Allstate has no obligation to defend Dakich for the claims alleged in the Underlying Lawsuit.

**ANSWER:** Defendant denies the allegations in paragraph 40 of the Amended Complaint for Declaratory Judgment.

41. Alternatively, to the extent CCR was acquired or formed by a named insured during the pendency of Allstate's coverage, Allstate's coverage is only in effect for a 90 day period following the acquisition or formation according to paragraph 6 of the Persons Insured provision.

**ANSWER:** Defendant denies the allegations in paragraph 41 of the Amended Complaint for Declaratory Judgment.

### COUNT II
*No Duty to Defend*

42. Allstate adopts and incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 41 above.

**ANSWER:** Defendant adopts and incorporates as if fully set forth herein the responses to paragraphs 1 through 41 in paragraph 42 of the Amended Complaint for Declaratory Judgment.

43. The Underlying Complaint alleges damages resulting from violations of the Georgia Debt Adjustment Act based on defendants' failure to provide services promised and charging excessive fees.

**ANSWER**: Defendant admits the allegations in paragraph 43 of the Amended Complaint for Declaratory Judgment.

44. The Underlying Complaint does not allege an "accidental event," defined in the Allstate Policies as an accident not intended or expected.

**ANSWER**: Defendant denies the allegations in paragraph 44 of the Amended Complaint for Declaratory Judgment.

45. The Underlying Complaint does not allege "personal injury," defined in the Allstate Policies as false arrest, detention or imprisonment; malicious prosecution; wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy; oral or written publication of material that slanders or libels a person or organization; or publication of material that violates a person's right of privacy.

**ANSWER**: Defendant denies the allegations in paragraph 45 of the Amended Complaint for Declaratory Judgment.

46. There are also no allegations of "advertising injury" in that the Underlying Complaint does not allege libel or slander, violation of any person's privacy rights, use of another's advertising ideas or style of business, or infringement on copyright.

**ANSWER**: Defendant denies the allegations in paragraph 46 of the Amended Complaint for Declaratory Judgment.

47. Pursuant to Exclusion 19, the Allstate Policies exclude coverage for "advertising injury" arising out of incorrect description of or mistake in advertised price of goods, products or services sold, offered for sale or advertised.

**ANSWER:** Defendant denies the allegations in paragraph 47 of the Amended Complaint for Declaratory Judgment.

48. As the Underlying Complaint alleges that the Underlying Defendants advertised themselves as providing debt settlement services and failed to provide the advertised services, to the extent there is "advertising injury," coverage is excluded under Exclusion 19.

**ANSWER:** Defendant denies the allegations in paragraph 48 of the Amended Complaint for Declaratory Judgment.

49. Coverage is also excluded under Exclusion 16 to the extent the Underlying Defendants are or are operated as joint ventures.

**ANSWER:** Defendant denies the allegations in paragraph 49 of the Amended Complaint for Declaratory Judgment.

50. There is also no coverage to the extent any claims in the Underlying Complaint arise from the rendering of professional services under Exclusion 21.

**ANSWER:** Defendant denies the allegations in paragraph 50 of the Amended Complaint for Declaratory Judgment.

WHEREFORE, Defendant, Thomas P. Dakich d/b/a Dakich & Associates, by counsel, respectfully requests that Plaintiff take nothing by way of its First Amended Complaint for Declaratory Judgment and for all other appropriate relief.

                                                                   Respectfully submitted,

                                                                   BENESCH, FRIEDLANDER, COPLAN
                                                                   & ARONOFF LLP

                                                                   By: /s/ Mark R. Waterfill
                                                                        Mark R. Waterfill, #10935-49

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
One American Square, Suite 2300
Indianapolis, Indiana  46282
(317) 632-3232
(317) 632-2962 (Facsimile)
mwaterfill@beneschlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon opposing counsel, by electronic means via the digital document delivery system established by this Court on this 28th day of September, 2012.

Erika S. Stamper
SMITHAMUNDSEN LLC
estamper@salawus.com

                                                                   By: /s/ Mark R. Waterfill
                                                                        Mark R. Waterfill